Elizabeth H. White, OSB No. 204729
  Email: elizabeth.white@klgates.com
Brandy A. Sargent, OSB No. 045713
  Email: brandy.sargent@klgates.com
Henry G. Ross, OSB No. 235657
  Email: henry.ross@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Tel: 503-228-3200
Fax: 503-248-9085

*Counsel for Plaintiff/Counterclaim Defendant
Purina Animal Nutrition LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Purina Animal Nutrition LLC,<br><br>       Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>West Coast Feed & Seed, LLC,<br><br>       Defendant/Counterclaim Plaintiff. | Case No. 3:25-cv-1275-IM<br><br>**PLAINTIFF PURINA ANIMAL NUTRITION LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT WEST COAST FEED & SEED, LLC'S COUNTERCLAIMS** |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

    I.    West Coast's Counterclaims Should Be Litigated in Minnesota .......................... 1

        A.    A *Forum Non Conveniens* Analysis Demonstrates the Counterclaims Should Be in Minnesota Court .......................................... 1

        B.    Purina Has Not Waived Enforcement of the Forum Selection Clause ................................................................................................................ 5

        C.    Dismissal of the Counterclaims Is Also Warranted Under Fed. R. Civ. P. 12(b)(6) .............................................................................................. 6

    II.    West Coast Fails to Sufficiently Allege a Claim for Breach of Fiduciary Duties Under Oregon Law ..................................................................................... 7

        A.    The Contractual Terms Do Not Create a Fiduciary Relationship Between the Parties ...................................................................................... 7

        B.    West Coast's Counterclaims Do Not Sufficiently Plead a Fiduciary Relationship ................................................................................................... 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013) .................................................................................................. 1, 2, 4

*B&G Charter Management Ltd. V. S/V Zazie*,
   No. 3:23-CV-00033, 2024 WL 1513546 (D.V.I. April 8, 2024) ................................. 7

*Beehive Stud Rockers LLC v. Knoebel Constr. Inc.*,
   No. CV-23-00243-PHX-JAT, 2023 WL 6923923 (D. Ariz. Oct. 19, 2023) ............. 5

*Bennett v. Farmers Ins. Co. of Oregon*,
   332 Or. 138, 26 P.3d 785 (2001) ................................................................................ 9

*Chrysler Corp. v. Country Chrysler, Inc.*,
   928 F.2d 1509 (10th Cir. 1991) .................................................................................. 1

*Claudio-De Leon v. Sistema Universitario Ana G. Mendez*,
   775 F.3d 41 (1st Cir. 2014) ......................................................................................... 6

*Conway v. Pac. Univ.*,
   324 Or. 231, 924 P.2d 818 (1996) .............................................................................. 9

*De Jaray v. Lattice Semiconductor Corp.*,
   No. 3:19-CV-86-SI, 2023 WL 7183184 (D. Or. Nov. 1, 2023) .............................. 8, 9

*DRW-LLC v. Golden Harvest Holdings, Inc.*,
   937 F. Supp. 2d 1307 (D. Or. 2013) ........................................................................... 3

*Exch. Nat. Bank of Chicago v. Abramson*,
   45 F.R.D. 97 (D. Minn. 1968) .................................................................................... 5

*Gen. Elec. Co. v. Marvel Rare Metals Co.*,
   287 U.S. 430 (1932) .................................................................................................... 5

*Global Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc*,
   No. 16-CV-00920-LB, 2016 WL 4259126 (N.D. Cal. 2016) ............................ 2, 3, 4

*JPaulJones, L.P. v. Zurich General Insurance Company (China) Ltd.*,
   533 F. Supp. 3d 999 (D. Or. 2021) ..................................................................... 1, 2, 3

*Laws. for Fair Reciprocal Admission v. United States*,
   141 F.4th 1056 (9th Cir. 2025) ................................................................................. 10

*Mix v. Neeb*,
    No. 2:14-CV-01594-KJM-AC, 2014 WL 6469130 (E.D. Cal. Nov. 17, 2014) ...................2, 6

*MPS Monitor S.R.L. v. Oberon Americas, Inc.*,
    No. 2:24-CV-00409-JLB-KCD, 2025 WL 808247 (M.D. Fla. Mar. 13, 2025) ........................3

*Newell v. O. A. Newton & Son Co.*,
    10 F.R.D. 286 (D. Del. 1950) ......................................................................................................5

*Pomerantz v. International Hotel Company, LLC*,
    359 F. Supp. 3d 570 (N.D. Ill. 2019) .........................................................................................2

*RJ v. Cigna Health & Life Ins. Co.*,
    625 F. Supp. 3d 951 (N.D. Cal. 2022) .......................................................................................6

*Strickland v. Arnold Thomas Seed Serv., Inc.*,
    277 Or. 165, 560 P.2d 597 (1977) .............................................................................................8

*Talk Radio Network Enters. v. Cumulus Media Inc.*,
    271 F. Supp. 3d 1195 (D. Or. 2017) ..........................................................................................9

*TMF Tr. Ltd. v. M/T Megacore Philomena*,
    No. CV 17-09010 AGR, 2020 WL 3064447 (C.D. Cal. Mar. 24, 2020)............................4, 5, 7

*W. Prop. Holdings, LLC v. Aequitas Cap. Mgmt., Inc.*,
    284 Or. App. 316, 392 P.3d 770 (2017)................................................................................9, 10

*WestRock CP, LLC v. Ming's Res. Corp.*,
    No. 2:22-CV-00176 WBS AC, 2022 WL 1190237 (E.D. Cal. Apr. 21, 2022) .................2, 5, 6

*Yukos Capital S.A.R.L. v. Feldman*,
    No. 15-CV-4964-(LAK), 2016 WL 183360 (S.D.N.Y. 2016) ...............................................5, 6

**Statutes**

28 U.S.C. § 1404(a) ......................................................................................................................1, 2, 5

28 U.S.C. § 1406(a) .............................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)......................................................................................................................10

Fed. R. Civ. P. 12(b)(3)................................................................................................................1, 5, 6

Fed. R. Civ. P. 12(b)(6).............................................................................................................1, 6, 7, 10

# INTRODUCTION

Plaintiff Purina Animal Nutrition, LLC ("Purina") and Defendant West Coast Feed & Seed, LLC ("West Coast," and with Purina, the "Parties") agreed that claims brought under the Service Agent Agreement are to be heard in a Minnesota forum. That forum selection clause is enforceable by this Court under an appropriate analysis. Under either *forum non conveniens* or Fed. R. Civ. P. 12(b)(6), West Coast's Counterclaims ("Counterclaims") should be heard in Minnesota, not Oregon.

On an independent basis, West Coast's breach of fiduciary duties claim should be dismissed for failure to state a claim. The supplier-manufacturer relationship alleged in the pleadings and described in the relevant agreements is a typical commercial contractual relationship, not the special relationship that West Coast attempts to construct in its Response.

Purina respectfully requests the Court grant the Motion and dismiss West Coast's Counterclaims.

# ARGUMENT

## I. West Coast's Counterclaims Should Be Litigated in Minnesota

### A. A *Forum Non Conveniens* Analysis Demonstrates the Counterclaims Should Be in Minnesota Court

Purina's Motion did not analyze transfer under *forum non conveniens*, instead focusing on dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3). *See generally* Dkt. No. 19 (Motion). West Coast is right that under *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55–56 (2013), the appropriate basis for dismissal here is not Rule 12(b)(3); rather, it is an analysis under *forum non conveniens*.[1] *See JPaulJones, L.P. v. Zurich*

---

[1] The forum selection clause at issue points to either state or federal court in Minnesota. Mot. at 6. As noted in Purina's Motion, at p. 5 n.4, 28 U.S.C. § 1404(a) provides for the transfer of actions, not claims, *Chrysler Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991) ("Section 1404(a) only authorizes the transfer of an entire action, not individual claims.") (citations omitted), and Purina's Motion is addressed to West Coast's Counterclaims, not the entire action. However, the *forum non conveniens* analysis is similar to the analysis under 28 U.S.C. § 1404(a), *Atl. Marine*, 571 U.S. at 62 ("[A] district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and

*General Insurance Company (China) Ltd.*, 533 F. Supp. 3d 999, 1004 (D. Or. 2021) (Immergut, J.) (analyzing enforcement of forum selection clause under *forum non conveniens* even though party moved under Fed. R. Civ. P. 12(b)(3)); *Global Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc*, No. 16-CV-00920-LB, 2016 WL 4259126, at *4 (N.D. Cal. 2016) (reviewing and granting motion under *forum non conveniens* analysis that was originally filed under Fed. R. Civ. P. 12(b)(3) and reasoning that *forum non conveniens* "lies within the court's inherent authority"); *Pomerantz v. International Hotel Company, LLC*, 359 F. Supp. 3d 570, 579 (N.D. Ill. 2019) (rejecting "argument that [party] has waived its forum-selection argument by attaching the wrong label to it").

"In applying the *forum non conveniens* analysis, the 'practical result is that forum-selection clauses should control except in unusual cases.'" *JPaulJones*, 533 F. Supp. 3d at 1004 (quoting *Atl. Marine*, 571 U.S. at 64); *see also id.* ("In sum, 'only under extraordinary circumstances unrelated to the convenience of the parties should a motion to enforce a forum-selection clause be denied.'") (quoting *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018)). Where a valid forum selection clause exists, the court must adjust its usual analysis to give no weight to the claimant's choice of forum and deem all private interest factors in favor of the pre-selected contractual forum. *JPaulJones*, 533 F. Supp. 3d at 1005 (private interests include "relative ease of access to sources of proof; availability of compulsory

---

various public-interest considerations.") (parenthetical in original), and therefore in applying that analysis the Court is well positioned to dismiss the Counterclaims for refiling in Minnesota's state or federal courts. In the alternative, the Court could sever the Counterclaims and then transfer them to U.S. District Court for the District of Minnesota under 28 U.S.C. § 1404(a). *See WestRock CP, LLC v. Ming's Res. Corp.*, No. 2:22-CV-00176 WBS AC, 2022 WL 1190237, at *6 (E.D. Cal. Apr. 21, 2022) (enforcing forum selection clause that applied to counterclaims, severing them, and transferring them pursuant to § 1404(a)). Indeed, this Court may consider the § 1404(a) issue *sua sponte*. *See Mix v. Neeb*, No. 2:14-CV-01594-KJM-AC, 2014 WL 6469130, at *2 (E.D. Cal. Nov. 17, 2014) ("Even though the request is made first in reply, the court considers it in light of the court's ability *sua sponte* to transfer a case under § 1404(a)) (citing cases).

PAGE 2 –   PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
            DEFENDANT'S COUNTERCLAIMS

process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive") (citing *Yei A. Sun*, 901 F.3d at 1087). While the court may consider factors relating to the public interest—such as the administrative difficulties flowing from court congestion; the imposition of jury duty on people of a community that has no relation to the litigation; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law; and the avoidance of unnecessary problems in conflicts of law—those factors "will rarely defeat a transfer motion." *Id.* (quoting *Yei A. Sun*, 901 F.3d at 1088); *see also DRW-LLC v. Golden Harvest Holdings, Inc.*, 937 F. Supp. 2d 1307, 1318 (D. Or. 2013) (listing public interest factors).

Here, the *forum non conveniens* analysis warrants dismissal.[2] There is a forum selection clause specifying Minnesota courts, which should control. The forum selection clause likewise specifies Minnesota law.[3] The public interest factors favor dismissal, as well. While litigating the Counterclaims in this court would not require an additional action, the addition of counterclaims

---

[2] Purina respectfully notes that, if the Court were agreeable, it would stipulate to West Coast's submission of a sur-reply or other further briefing from both parties so that the record on these issues is complete. *See MPS Monitor S.R.L. v. Oberon Americas, Inc.*, No. 2:24-CV-00409-JLB-KCD, 2025 WL 808247, at *2 (M.D. Fla. Mar. 13, 2025) (permitting filing of a second motion to dismiss to address *forum non conveniens* analysis after initial motion on Fed. R. Civ. P. 12(b)(3)); *see also Global Quality Foods*, 2016 WL 4259126, at *4 (addressing 12(b)(3) motion under *forum non conveniens* where parties' briefing had "given the court enough material to fully conduct" the analysis).

[3] West Coast states that its Counterclaims are based on a 2023 Service Agent Agreement, not a 2020 Service Agent Agreement. Its Complaint never specifies the year of the Service Agent Agreement it is counterclaiming on, and it does not matter for purposes of the Court's analysis here, because the forum selection clauses in both documents are *identical*. Reply Declaration of Elizabeth H. White, Ex. E (2023 Service Agent Agreement). Indeed, the 2023 Service Agent Agreement is even farther removed temporally from the 2019 External Manufacturing Agreement ("EMA") and Ingredient Sourcing Agreement ("ISA") under which Purina brought its claims.

PAGE 3 –   PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
            DEFENDANT'S COUNTERCLAIMS

based on an entirely separate agreement would expand the scope of the litigation and discovery unnecessarily. As to the next three factors, the imposition of jury duty on Minnesota jurors, to hear a dispute involving a Minnesota company (Purina's principal place of business is Minnesota), in a Minnesota court that is "at home" with the application of governing Minnesota law, is consistent with dismissal under *forum non conveniens*. *See TMF Tr. Ltd. v. M/T Megacore Philomena*, No. CV 17-09010 AGR, 2020 WL 3064447, at *4 (C.D. Cal. Mar. 24, 2020) (noting that "English law will govern the Loan Agreement and therefore the English court is the 'forum that is at home with the law'") (quoting *Atl. Marine*, 571 U.S. at 62 n.6); *Global Quality Foods*, 2016 WL 4259126, at *9 (enforcing forum selection clause where Ohio had local interest in suit, Ohio court could enforce Ohio law, and "Ohio would be willing to shoulder the burden of ensuring that contracts made by its residents, invoking its laws, are honored.") . Finally, so too would dismissal avoid unnecessary problems in conflicts of law where a Minnesota court is applying Minnesota law. Thus, based on the forum selection clause, which is to be heavily weighed, and the public interest factors, which do not "overwhelmingly disfavor" enforcing the forum selection clause, *Atlantic Marine*, 571 U.S. at 67, a *forum non conveniens* analysis supports enforcement of the agreed forum selection clause and dismissal of the Counterclaims to be filed in Minnesota.[4]

---

[4] West Coast argues that only one of its Counterclaims is based on a Service Agent Agreement, not all three. But a review of the Counterclaims shows that the Service Agent Agreement is referenced not only in the breach of contract counterclaim, but also in the breach of fiduciary duties counterclaim. Dkt. No. 13 (Answer) at ¶ 63 ("All the while . . . Plaintiff refused and failed to pay West Coast for shipping, services under the service agent agreement, and other costs.") The service agent agreement is not explicitly referenced in the counterclaim for breach of good faith and fair dealing, but the allegations in that count are generalized as to Purina's alleged breach of its "duties of good faith and fair dealing to profit at West Coast Feed's expense," Answer at ¶ 67, and the counterclaim likewise references "Plaintiff's initial proposal and the parties' agreements," *id.* ¶ 66 as well as alleges an entitlement to reasonable attorney fees and costs "under one or more of the parties' agreements," *id.* ¶ 69. In short, all of the counterclaims are based on the Service Agent Agreement. As Purina noted in its Motion, at 7–8, in order for West Coast to appropriately bring its claims under the Service Agent Agreement in Minnesota and its claims related to the EMA and ISA in this Court, dismissal and repleading are appropriate.

PAGE 4 –   PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
           DEFENDANT'S COUNTERCLAIMS

### B.     Purina Has Not Waived Enforcement of the Forum Selection Clause

West Coast argues that Purina has waived a venue challenge as to West Coast's Counterclaims by filing in the District of Oregon. As West Coast correctly pointed out, venue is not the proper basis under which to enforce the forum selection clause under *Atlantic Marine*. And the cases and authorities West Coast cites, Dkt. No. 26 (Response) at 5, were all brought on the basis of improper venue. *See Gen. Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 435 (1932) (addressing venue provision of patent laws), *Newell v. O. A. Newton & Son Co.*, 10 F.R.D. 286, 287 (D. Del. 1950) (addressing venue jurisdiction), *Exch. Nat. Bank of Chicago v. Abramson*, 45 F.R.D. 97, 105 (D. Minn. 1968) (addressing venue provision of national banking laws); *Beehive Stud Rockers LLC v. Knoebel Constr. Inc.*, No. CV-23-00243-PHX-JAT, 2023 WL 6923923 (D. Ariz. Oct. 19, 2023) (motion under Rule 12(b)(3) and 28 U.S.C. § 1406(a)).

The question, instead, is whether the forum selection clause may be enforced as to West Coast's Counterclaims. The answer is that it can. Courts hold that a forum selection clause can be enforced under a *forum non conveniens* (or § 1404(a)) analysis when counterclaims are at issue. In *TMF Trustee*, the Court held that in most cases the "'interest of justice' is served by holding parties to their bargain" and dismissed two of defendant's counterclaims because they were subject to the parties' forum selection clause specifying England. 2020 WL 3064447, at *2, *6; *see also Yukos Capital S.A.R.L. v. Feldman*, No. 15-CV-4964-(LAK), 2016 WL 183360, at *3 (S.D.N.Y. 2016) (enforcing forum selection clause as to counterclaim via *forum non conveniens* analysis); *WestRock CP, LLC v. Ming's Res. Corp.*, No. 2:22-CV-00176 WBS AC, 2022 WL 1190237, at *4–*5 (E.D. Cal. Apr. 21, 2022) (holding forum selection clause was enforceable as to defendant's counterclaims, and transferring counterclaims under § 1404(a)).

The court in *TMF Trustee* also rejected an argument the counterclaims were compulsory, holding that the forum selection clause controlled. 2020 WL 3064447, at *3 ("[W]hen parties agree in a forum selection clause that a dispute will be litigated only in a particular forum, a party cannot thereafter seek to bar assertion of a claim in that forum because it was a compulsory counterclaim in some other forum."); *see also WestRock*, 2022 WL 1190237, at *5 ("[W]hether

PAGE 5 –     PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
             DEFENDANT'S COUNTERCLAIMS

[defendant]'s counterclaims are in fact compulsory does not affect the enforceability of the [agreement]'s forum selection clause."); *Yukos Capital*, 2016 WL 183360, at *3 (rejecting counterclaimant's arguments that counterclaim was compulsory and that plaintiff "waived the forum selection clause by bringing this action in New York"). West Coast does not argue in its Response that its Counterclaims are compulsory, because they are not. *See* Mot. at 6–7. And even if they were, it would not matter for purposes of enforcing the forum selection clause and holding the parties to their bargain.

Therefore, Purina has not waived the forum selection clause, it is enforceable under this Court's inherent authority, and it should be enforced.

### C.    Dismissal of the Counterclaims Is Also Warranted Under Fed. R. Civ. P. 12(b)(6)

Additionally, dismissal based on the Parties' forum selection clause is also warranted under Federal Rule of Civil Procedure 12(b)(6). Although, as discussed, Purina moved on the forum selection clause under Rule 12(b)(3), dismissal under Rule 12(b)(6), which was discussed in connection with Purina's argument on the breach of fiduciary duty claim, is appropriate.

Although the Ninth Circuit has not reached the issue, district courts within the Ninth Circuit hold that Rule 12(b)(6) is an appropriate basis to dismiss claims subject to a forum selection clause. In *RJ v. Cigna Health & Life Ins. Co.*, the Court explained that "[c]onsistent with the First, Third and Sixth Circuit and the district court decisions cited above, this Court concludes that a Rule 12(b)(6) motion is an acceptable means of enforcing a forum selection clause." 625 F. Supp. 3d 951, 969 (N.D. Cal. 2022) (collecting cases); *see also Mix*, 2014 WL 6469130, at *2 (E.D. Cal. Nov. 17, 2014) ("It appears no controlling precedent precludes 12(b)(6) dismissal based on a contrary forum selection clause . . . This court accepts [defendants'] characterization of its motion as brought under Rule 12(b)(6)."); *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) ("In this Circuit, 'we treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to

PAGE 6 –   PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
           DEFENDANT'S COUNTERCLAIMS

state a claim for which relief can be granted under Rule 12(b)(6).'") (quoting *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir.2009)).

Courts have dismissed counterclaims pursuant to Rule 12(b)(6) in circumstances like those here. In *B&G Charter Management Ltd. V. S/V Zazie*, No. 3:23-CV-00033, 2024 WL 1513546, at *2 (D.V.I. April 8, 2024), the Court considered a Rule 12(b)(6) motion to dismiss a counterclaim based upon an existing forum selection clause directing the counterclaims to a non-federal forum. Relying in part on *Atlantic Marine*, the Court determined that a counterclaim falling within the scope of a valid forum selection clause is subject to that clause and granted the counter-defendant's dismissal motion. *Id.* at *2–*5. Moreover, in *B&G Charter*, just as in *TMF*, the court rejected an argument that the counterclaims were compulsory, holding "even *assuming arguendo* that the counterclaim is compulsory, if it comes within the scope of and is of the kind covered by the forum selection clause, it is subject to the forum selection clause." *Id.* at *3.

Therefore, dismissal of the Counterclaims is also appropriate under Rule 12(b)(6).

## II. West Coast Fails to Sufficiently Allege a Claim for Breach of Fiduciary Duties Under Oregon Law

West Coast's claim for breach of fiduciary duties should be dismissed because the parties disclaimed a fiduciary relationship in the EMA and because it is clear the relationship between the Parties was a typical commercial relationship rather than the "special relationship" contrived by West Coast.

### A. The Contractual Terms Do Not Create a Fiduciary Relationship Between the Parties

West Coast's Response suggests that Purina is relying solely on the disclaimer of fiduciary duties in the EMA for its argument. Resp. at 5–6 ("Plaintiff relies on a boilerplate disclaimer of a fiduciary relationship in one of the parties' several agreements."). While that disclaimer between two sophisticated commercial parties is significant, Purina also looks to the agreements themselves in demonstrating that West Coast's future was not entrusted to Purina in the way West Coast suggests.

The terms of the subject contracts, which this Court may consider, confirm that there was no special relationship between the Parties. West Coast's Response selectively quotes the contracts to create the illusion of a fiduciary relationship. *See* Resp. at 8–11. But the contracts reflect a typical arms'-length commercial relationship. In its Motion, Purina described the agency that West Coast continued to have throughout the relationship, citing specific provisions. *See* Mot. at 10 (listing contractual provisions that gave rights to West Coast). Indeed, West Coast has to concede this in its Response, at 9, when it acknowledges that the EMA allowed West Coast to compete with Purina. West Coast characterizes Section 5.2 of the EMA as providing a "de minimis exception," but in fact the provision is incredibly broad, providing that "[N]othing in this Agreement prohibits Manufacturer from producing, marketing, selling, delivering or distributing the following to be fed to swine or commercial poultry: (a) non-Purina Brand Products; and (b) products that are similar to Products," while prohibiting use of Purina's know-how and prohibiting direct competition.[5] Dkt. No. 20-2 (White Decl. in Support of Mot., Ex. D at 5). The EMA disclaims fiduciary duties between the Parties, yes, but the operative terms within the relevant agreements also confirm that the Parties were free to pursue other business interests and that West Coast's future was not entrusted to Purina.

West Coast's Response also notes that West Coast had to perform certain duties directed by Purina under the agreements and that West Coast could only invoice Purina on a shipment-by-shipment basis. *See* Resp. at 9–11. But these are typical contract terms between a supplier and manufacturer, not terms that create a fiduciary duty.

None of the cases West Coast cites involved a typical business-to-business relationship. In *Strickland v. Arnold Thomas Seed Serv., Inc.*, 277 Or. 165, 174, 560 P.2d 597 (1977), the defendant *conceded* it was a fiduciary and was found to be equivalent to a *trustee*. In *De Jaray v. Lattice Semiconductor Corp.*, No. 3:19-CV-86-SI, 2023 WL 7183184, at *5–*6 (D. Or. Nov. 1,

---

[5] West Coast's Response appears to suggest that a non-compete provision creates a fiduciary relationship under Oregon law, Response at 9, but it cites no authority for this proposition.

PAGE 8 –   PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
            DEFENDANT'S COUNTERCLAIMS

2023), one party had particularized and specialized export control status information over which it had unilateral control, with the consequences of incorrect export decisions being "prison time and a complete destruction" of the party that did not have the information. Here, unlike *De Jaray*, Purina had no special or unilateral control. Rather, Purina merely provided ingredients to West Coast, and West Coast agreed to produce product for Purina to purchase.

The other cases West Coast cites did not hold there was any fiduciary relationship between the parties. *See Bennett v. Farmers Ins. Co. of Oregon*, 332 Or. 138, 160, 162, 26 P.3d 785 (2001) (no "special relationship" between district manager and company where appointment "agreement specifically provided that [defendant] would" not exercise independent judgment for plaintiff); *Talk Radio Network Enters. v. Cumulus Media Inc.*, 271 F. Supp. 3d 1195, 1212 (D. Or. 2017) (adopting magistrate judge's report and recommendation on motion to dismiss holding no fiduciary relationship between a radio company and advertising representative company because "the law does not impose a fiduciary duty on one party to a business relationship simply because that party 'begins to dominate and to control the other party's financial future.'") (citing *Bennett*, 332 Or. at 162); *W. Prop. Holdings, LLC v. Aequitas Cap. Mgmt., Inc.*, 284 Or. App. 316, 318, 392 P.3d 770 (2017) (no special relationship between loan participant plaintiff and lender that controlled the plaintiff's loan); *Conway v. Pac. Univ.*, 324 Or. 231, 242–43, 924 P.2d 818 (1996) (no special relationship between a professor and a university in negligent misrepresentation case).

None of the authority cited by West Coast supports allowing its fiduciary duties claim to move forward. To find otherwise would expand Oregon tort and fiduciary duty law beyond the caselaw that West Coast relies on.

### B. West Coast's Counterclaims Do Not Sufficiently Plead a Fiduciary Relationship

West Coast's Counterclaims include sweeping generalizations and conclusory allegations about Purina's purported responsibility for West Coast's livelihood. *See, e.g.*, Answer at ¶¶ 37, 43, 59, 61. The Court need not credit these conclusory allegations, and in looking to the

PAGE 9 –   PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
           DEFENDANT'S COUNTERCLAIMS

substance of West Coast's Counterclaims, what West Coast pleads is a straightforward commercial relationship governed by negotiated agreements, peppered with general statements about trust and reliance. *See* Mot. at 10.

Moreover, West Coast has brought breach of contract and breach of good faith and fair dealing claims (subject to Purina's dismissal motion discussed *supra*, Section I), which are typical of claims brought in a dispute between two sophisticated parties doing business together and indeed, "[p]arties to a contract are typically restricted to asserting contractual remedies against one another." *W. Prop. Holdings*, 284 Or. App. at 331. West Coast's breach of fiduciary duties claim is a bridge too far when it cannot plead facts to support an assertion that it and Purina were in the type of special relationship of confidence required for a fiduciary duty claim to move forward. This was a supplier-manufacturer relationship at its core, not one by which West Coast ceded control of its business to Purina. Because West Coast cannot plead such a relationship, the breach of fiduciary duty claim should be dismissed with prejudice. *See, e.g.*, *Laws. for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1074 (9th Cir. 2025) ("We find that the complaint could not be saved by amendment, so dismissal with prejudice and without leave to amend was appropriate.").

## CONCLUSION

For the reasons stated above and the reasons set forth in the Motion, Purina respectfully requests this Court dismiss West Coast's Counterclaims based on (1) *forum non conveniens* or Rule 12(b)(6) and (2) failure to sufficiently allege a "special relationship" in support of its breach of fiduciary duties claim.

DATED: December 9, 2025          Respectfully submitted,

                                              K&L GATES LLP

By: *s/ Elizabeth H. White*
    Elizabeth H. White, OSB No. 204729
    Email: elizabeth.white@klgates.com
    Brandy A. Sargent, OSB No. 045713
    Email: brandy.sargent@klgates.com
    Henry G. Ross, OSB No. 235657
    Email: henry.ross@klgates.com
    One SW Columbia Street, Suite 1900
    Portland, Oregon 97204
    Tel: 503-228-3200
    Fax: 503-248-9085

    -and-

    Jonathan C. Miesen, admitted *pro hac vice*
    E-mail: jcmiesen@landolakes.com
    Associate General Counsel–Litigation
    Land O'Lakes, Inc.
    4001 Lexington Avenue North
    Arden Hills, MN 55126
    Telephone: 651-375-5985
    Fax: 651-234-0535

    *Counsel for Plaintiff/Counterclaim Defendant Purina Animal Nutrition LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2025, I caused to be served a copy of the foregoing document upon all counsel of record via the Court's CM/ECF electronic service system.

DATED this 9th day of December, 2025.

        K&L GATES LLP

        By: *s/ Elizabeth H. White*
            Elizabeth H. White, OSB No. 204729
            Email: elizabeth.white@klgates.com

        *Counsel for Plaintiff/Counterclaim Defendant Purina Animal Nutrition LLC*

PAGE 1 – CERTIFICATE OF SERVICE